1
2
3
4
5
6
7
8                   IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ELSINA L. KILPATRICK,

11              Plaintiff,                    No. CIV 12-148 LKK EFB PS

12        vs.

13   INTERCOAST COLLEGE;
     CHARLIE BREUM,
14
                Defendants.                   <u>ORDER</u>
15
     _____/
16

17        This case, in which plaintiff is proceeding *in propria persona*, was referred to the

18   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks

19   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declaration makes

20   the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the request to proceed *in*

21   *forma pauperis* will be granted.  28 U.S.C. § 1915(a).

22        Determining plaintiff may proceed *in forma pauperis* does not complete the required

23   inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it

24   determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

25   state a claim on which relief may be granted, or seeks monetary relief against an immune

26   defendant.

                                        1

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3    it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8    relief above the speculative level on the assumption that all of the complaint's allegations are

9    true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must

16   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

17   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19   grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20   (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21   Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

22   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins.*

23   *Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

24   1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question

25   jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

26   allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers

federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

*Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of

subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

*Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint alleges that she enrolled at Intercoast College, and attended and paid

for classes with the expectation that she would be granted a certification upon completion of her

course requirements.  Dckt. No. 1 at 1.  However, plaintiff alleges that after being enrolled for 18

months, she was notified that she would not be able to receive a certification because her

transcripts indicated that she did not complete high school or obtain a GED.  *Id.*  Plaintiff alleges

that by letting her complete school and not giving her notice that she would not receive a

certification without completing her GED or obtaining a high school diploma, defendants

defrauded plaintiff into taking out student loans.  *Id.*

It is unclear from plaintiff's complaint whether this court has subject matter jurisdiction

over plaintiff's claim(s), since the complaint does not allege diversity of the parties and it is

unclear how the facts alleged in the complaint would give rise to a federal claim.  To the extent

plaintiff's claim is brought under 42 U.S.C. § 1983, that claim must be dismissed.  To state a

claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory

right; and (2) that the violation was committed by a person acting under the color of state law.

*See West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, plaintiff fails to allege that defendants were

state actors or were otherwise acting under color of law.  *See Sutton v. Providence St. Joseph*

*Med. Ctr*., 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional

deprivation under § 1983 must be a person who may fairly be said to be a governmental actor)

3

(citation and quotations omitted).  Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.*  (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).  Furthermore, plaintiff fails to identify the constitutional rights defendants allegedly violated, or explain how defendants' actions resulted in the deprivation of any constitutional right.

Therefore, plaintiff's complaint will be dismissed.  However, plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction.  Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

4

1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.*
*Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to
comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order
may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended
complaint.  The amended complaint must bear the docket number assigned to this case and must
be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance
with this order will result in a recommendation this action be dismissed.

DATED:  February 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE